|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X | **Hearing Date and Time**<br>June 29, 2015 @ 10:00 am |
| In Re: | Chapter 11 |
| **SOLERA CORPORATION**,<br>         Debtor. | Case No. 15-22790 (RDD) |
| -----------------------------------------------------------X |  |

**APPLICATION OF 211 EAST 46TH STREET, LLC SEEKING AN ORDER MODIFYING THE AUTOMATIC STAY PROVISIONS OF SECTION 362(A) OF THE BANKRUPTCY CODE, OR COMPELLING IMMEDIATE PAYMENT OF POST PETITION RENT, AND GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      211 East 46th Street, LLC ("211 East"), by its counsel Shafferman & Feldman LLP, as and for its application seeking an order modifying the automatic stay provisions of section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to section 362(d)(1) of the Bankruptcy Code, to permit 211 East to continue the prosecution of a civil court action against Solera Corporation, the debtor and debtor in possession (the "Debtor"), through its conclusion and to enforce a warrant of eviction which was issued before the commencement of the case, and granting 211 East such other and further relief as this Court may deem just and proper, respectfully represents, upon information and belief, as follows:

1

## Factual Background

1.    The facts giving rise to this motion are set forth in the accompanying certification of Vinod Chand, a Member of the Debtor in support of this motion (the "Chand Certification") and are incorporated by reference herein.[1]

## The Relief Requested and The Reasons Therefor[2]

2.    By this Motion, 211 East seeks entry of an order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to permit 211 East to prosecute the Civil Court Action thorough its conclusion and enforce the warrant of eviction; and take any further action which may be necessary to obtain possession of the Property. Alternatively, 211 East is seeking an order compelling the Debtor to pay post petition rent/use and occupancy charges.

3.    As demonstrated below, 211 East is entitled to relief from the automatic stay under Bankruptcy Code sections 362(d)(1) and (2). 211 East's Lease with the Debtor was terminated when the warrant of eviction was issued. See Rocar Realty Northeast v. Jefferson Valle Mall, 833 N.Y.S.2d 522, 525 (2d Dep't 2007) ("The issuance of the warrant of eviction terminated any existing tenancy and annulled the landlord-tenant relationship by operation of law.")[3] Termination of the Lease constitutes "cause" to modify the automatic stay. See eg In re: Sweet N Sour 7th Ave. Corp.,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Chand Certification.

[2] A Table of Authorities supporting this motion and cited herein can be found at the end of this application.

[3] New York State's Real Property Actions and Proceedings Law section 749(3) provides that "the issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof. Petitioner may recover by action any sum of money which was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent."

431 B.R. 63 (Bankr. S.D.N.Y. 2010).

## A. Cause Exists to Modify the Automatic Stay Under Bankruptcy Section 362(d)(1)

4.  Bankruptcy Code section 362(d), which governs relief from the automatic stay, provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

5.  Although "cause" is not defined by the Bankruptcy Code, where a claimant seeks relief from the automatic stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

> [i]n addition, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836.

6. According to the Court of Appeals for the Second Circuit, "[t]he lack of adequate protection of an interest in property is one cause for relief, but is not the only cause ... a finding that the bankruptcy case was not commenced in good faith has been used as a basis for vacating or annulling the automatic stay." In re Sonnax Industries, Inc., 907 F. 2d 1280, 1285-1286 (2d Cir. 1990). See also, B.N. Realty Associates v. Lichtenstein, 238 B.R. 249, 258-59 (S.D.N.Y. 1999)(holding that Chapter 7 filing for sole purpose of thwarting eviction may be ground for relief from stay.); In re RCM Global Long Term Capital Appreciation Fund, Ltd., 200 B.R. 514, 520 (S.D.N.Y. 1996) (holding that a bad faith filing is an abuse of the judicial process and the jurisdiction of the bankruptcy court). See also, *2 Collier on Bankruptcy ¶362.07(3) at 365-65.* ("In extreme cases a finding that the bankruptcy case was not commenced in good faith has been used as a basis for vacating or annulling the automatic stay").

7.. Modification of the automatic stay may be granted by a bankruptcy court under section 362(d)(1) to permit a creditor to proceed with litigation in another forum in an attempt to regain possession of its collateral or property for cause. See, In re Burger Boys, Inc., 183 B.R. 682 (S.D.N.Y. 1994); In re Diplomat Electronics Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

**The Debtor's Lease Was Terminated Pre Petition**

8. Under section 362(d)(1), cause exists to modify the stay where no landlord-tenant relationship is in existence when the bankruptcy case is filed. Eg. Bell v. Alden Owners, Inc., 199 B.R. 451, 458 (S.D.N.Y. 1996); In re: Sweet N Sour 7th Ave. Corp., 431 B.R. 63, 67 (Bankr. S.D.N.Y. 2010); ("the Debtor's leasehold rights were terminated upon the issuance of the warrant of eviction, subject to the power of the state court to vacate the warrant for good cause prior to

4

execution of the warrant.ö); In re Seven Stars Restaurant. Inc., 122 B.R 213, 218 (Bankr. S.D.N.Y. 1990); In re GSVC Restaurant Corp., 3 B.R 491 (Bankr. S.D.N.Y. 1980), In re GSVC Restaurant Coro., 10 B.R 300 (S.D.N.Y. 1980). See also, In re Hudson Transfer Group, Inc. 245 B.R. 456, 459 (Bankr.S.D.N.Y.2000)( holding that where the warrant of eviction had issued pre-petition but had not yet been executed upon, the Debtor's õright on the petition date, and for sixty days thereafter [under a stipulation with the landlord], to cure the stipulation default and revive the lease is immaterial. The existence of an unexercised right of redemption does not transform a terminated lease into an unexpired one.ö)

9.  New York law is clear that the issuance of a warrant of eviction cancels the lease between the parties and annuls the landlord-tenant relationship. See N.Y. R.P.A.P.L.§749(3); Rocar Realty Northeast v. Jefferson Valley Mall, 833 N.Y.S.2d 522, 525 (2d Dep't 2007); In re Westchester Tank Fabricators. Ltd., 207 B.R 391, 402 (Bankr. E.D.N.Y. 1997); Bell, 199 B.R at 458.

10. The filing of a bankruptcy petition does not resurrect a landlord-tenant relationship. See eg. Super Nova 330 LLC v. Gazes, 693 F.3d 138 (2d Cir. 2012); Bell, 199 B.R at 458; Seven Stars Restaurant. Inc., 122 B.R at 218; Darwin, 22 B.R 259, 263 (Bankr. E.D.N.Y. 1982); In re Acorn Investments, 8 B.R 506 (Bankr. S.D. Cal. 1981); In re R R.S. Inc., 7 B.R. 870 (Bankr. M.D. Fla. 1980)(" ... the automatic stay provision of § 362(e) [sic] of the Bankruptcy Code does protect the debtor's naked right of possession of the premises, but for a very limited time only ... This is so because the fact that the automatic stay continues in effect and protects the naked right of possession, it does not have any bearing on the continued viability of a lease agreement."). See also In

5

15-22790-rdd    Doc 7    Filed 06/12/15    Entered 06/12/15 15:22:15    Main Document
                                    Pg 6 of 14

re Ripples of Clearview, Inc., 26 B.R. 453, 456-57 (Bankr. E.D.N.Y. 1983) (month-to-month tenant cannot justify continuation of the automatic stay).

11. In the case at bar, the warrant of eviction was indisputably issued prior to the petition on the Filing Date. Thus, by the time that the Debtor commenced this Chapter 11 case, the Lease had terminated. The Debtor's bankruptcy petition does not revive the terminated Lease. See eg. In re Association of Graphics Communications, Inc., 2011 WL 1226372 *3 (S.D.N.Y. March 31, 2011); Bell, 199 B.R at 458; In re Island Helicopters, Inc., 211 B.R. 453, 463 (Bankr.E.D.N.Y.1997); Bucknell Leasing Corp. v. Darwin (In re Darwin), 22 B.R. 259, 262 (Bankr.E.D.N.Y.1982).

12. Cause also exists to modify the automatic stay because the Debtor cannot assume the Lease because it has been terminated. The Lease is <u>not</u> property of the Debtor's estate under Bankruptcy Code section 541. Section 541 (b)(2) specifically excludes from property of the estate "any interest of the debtor as lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before commencement of the case under this title, and ... during the case."

13. A lease terminated prior to the bankruptcy case cannot be assumed, and the inability to assume a lease constitutes "cause" for relief from the stay under Bankruptcy Code section 362(d)(1). See eg In re Sweet N Sour 7th Ave. Corp., 431 B.R. at 67; Seven Stars Restaurant. Inc., 122 B.R. at 218; Acorn Investments, 8 B.R. at 509-510.

14. In this case, the warrant of eviction issued in January, 2015 and was served upon the Debtor on or around May 19, 2015, but execution was stayed pursuant to the Order to

Show Cause (see Exhibit "H" of the Chand Certification). The issuance of the warrant of eviction cancelled the Lease and terminated the landlord-tenant relationship between the Debtor and 211 East. The Debtor's filing of this Chapter 11 case cannot revive the Lease.

**The Sonnax Factors Also Support**
**Stay Relief From the Automatic Stay**
**in Favor of 211 East**

15. According to the Court of Appeals for the Second Circuit, "[t]he lack of adequate protection of an interest in property is one cause for relief, but is not the only cause ... a finding that the bankruptcy case was not commenced in good faith has been used as a basis for vacating or annulling the automatic stay." In re Sonnax Industries, Inc., 907 F. 2d 1280, 1285-1286 (2d Cir. 1990); Pickering v. M & T Mortg. Corp., 2006 U.S. Dist. LEXIS 58583 (S.D.N.Y. August 18, 2006). See also Laguna Associates Limited Parntership v. Aetna Casualty & Surety Company, (In re Laguna Assoc. Ltd. Partnership), 30 F.3d 734, 737 (6th Cir. 1994); B.N. Realty Associates v. Lichtenstein, 238 B.R. 249, 258-59 (S.D.N.Y. 1999)(holding that Chapter 7 filing for sole purpose of thwarting an eviction may be grounds for relief from stay.); In re RCM Global Long Term Capital Appreciation Fund, Ltd., 200 B.R. 514, 520 (S.D.N.Y. 1996) (holding that a bad faith filing is an abuse of the judicial process and the jurisdiction of the bankruptcy court).

16. In Sonnax Indus. Inc., 907 F.2d 1280 (2d Cir. 1990), the Second Circuit adopted a twelve factor analysis to determine whether the automatic stay should be vacated or modified to permit litigation to be continued in another forum. The Bankrutpcy Court in In re Curtis, 40 B.R. 795, 799-800(Bankr. D. Utah 1984), first set forth these factors, which include:

    (1)    whether relief would result in a partial or complete resolution
            of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

Sonnax Indus., 907 F.2d at 1286. Only the relevant factors need be considered. See In re Touloumis, 17 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (citing Sonnax Indus., 907 F.2d at 1285). Courts do not assign the factors equal weight. See id. (citing In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).

17. Only factors 1, 2, 4, 7, 10, and 12 are relevant to the case at bar.

**Factor 1**

18.     Granting this Motion would result in the continued prosecution of the Civil Court Action, which would ultimately result in a complete resolution of any issues regarding possession of the Property. By this Motion, 211 East seeks only to regain possession of the Property. 211 East understands that its pre-petition claims against the Debtor will be handled by this Court in this Chapter 11 case.

**Factor 2**

19.     Continuing the Civil Court Action will not interfere with the Debtor's Chapter 11 case. The Debtor's purported reorganization effort is destined for failure because the Debtor has no lease and, therefore, no realistic prospects to reorganize. As has been set forth above, nothing in the Bankruptcy Code entitles the Debtor to remain in the possession of real property after its lease has been terminated.

**Factor 4**

20.     211 East's claims are based upon New York landlord tenant law. The Civil Court, Housing Divison is a specialized tribunal and the appropriate forum to consider the relevant landlord-tenant issues.

**Factor 7**

21.     Allowing 211 East to proceed with the Non-Payment Action will not prejudice any legitimate interests of other creditors because 211 East only seeks to regain possession of the Premises consistent with applicable state law.

**Factor 10**

22.     Judicial economy would best be served by modifying the stay. The Civil Court is in the best position to determine the respective rights of the parties in the Civil Court Action.

**Factor 12**

23.     The continuation of the automatic stay prejudices 211 East because the Debtor has no legal right to remain in the Property. Additionally, the Debtor owes 211 East in excess of $237,000 and has failed to pay 211 East post petition rent/use and occupancy charges. 211 East has its own expense, including mortgage payments, and the Debtor's default imperils 211 East's ability to retain the Property. For these reasons 11 East's interest in the Property is not being adequately protected.

24.     In sum, the above described Sonnax Factors strongly favor the granting of this Motion.

25.     For all of the above-reasons, 211 East submits that there is sufficient cause to modify the automatic stay for the purposes indicated herein.

## B. The Automatic Stay Should Also Be Modified Under Bankruptcy Section 362(d)(2)

26.     211 East is entitled to relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

27.     First, the Debtor is a lessee under a terminated lease and therefore has no equity in the Property. Second, the Debtor has not demonstrated that it has a viable opportunity to

reorganize in Chapter 11. The Debtor commenced this Chapter 11 case after the Lease was terminated and, therefore, has no enforceable right to remain in possession of the Property.

28.     For all of the foregoing reasons, 211 East submits that cause exists to modify the automatic stay under section 362(d)(1) and (d)(2) of the Bankruptcy Code to permit it to continue prosecution of the Civil Court Action and to take appropriate steps to recover possession of the Property.

### C. Alternatively, the Debtor Should be Compelled to Immediately Pay Post Petition Rent to 211 East

29.     In the event that this Court does not grant that portion of this motion seeking modification of the automatic stay, 211 East seeks the entry of an order, pursuant to section 365(d)(3) of the Bankruptcy Code, compelling the Debtor to pay all of its post-petition rent/use and occupancy charges and additional charges, in the amounts due under the Lease.

30.     The plain meaning of section 365(d)(3) of the Bankruptcy Code requires the payment of lease obligations as they become due. See, Pereira v. Rich-Taubman Associates, (In Re: KP Fashion Co.), 2011 WL 3806116 (S.D.N.Y August 29, 2011)(citations omitted). The debtor in possession in a Chapter 11 case is required timely perform its lease obligations in spite of anything contained in section 503(b)(1) of the Bankruptcy Code. Id. (citations omitted).  See also, In re P.J. Clarke's Rest. Corp., 265 B.R. 392, 397 (Bankr. S.D.N.Y. 2001)(holding that section 365(d)(3) gives a landlord the right to payment use and occupancy charges at the lease rate without a showing that such obligation is of benefit to the estate.)

31.     Based upon the above, if this Court does not grant that portion of this motion seeking modification of the automatic stay, the Debtor should be compelled to immediately pay the

11

post-petition base rent/use and occupancy and charges in the amounts set forth in the Lease. Additionally, if this Court does not grant that portion of this motion seeking modification of the automatic stay, 211 East request that the motion be periodically adjourned so that 211 East has a continuous mechanism to enforce its rights under the Lease and the Bankruptcy Code without having to incur the additional expense of preparing and filing repeated motions seeking to require performance under the Lease.

32. 211 East has served this motion upon the Debtor, its proposed counsel, all parties who have filed notices of appearance with this Court, the Debtor's twenty largest unsecured creditors and the Office of the United States Trustee. The Debtor submits that such notice be deemed sufficient under the circumstances.

33. 211 East has not previously sought the relief requested in this application.

**WHEREFORE**, it is respectfully requested that: (i) the automatic stay be modified to permit 211 East to continue the prosecution of the Civil Court Action through its conclusion and to enforce the warrant of eviction and (ii) that 211 East be granted such other and further relief as this Court may be just and proper.

Dated: New York, New York
       June 12, 2015

> **SHAFFERMAN & FELDMAN LLP**
> Counsel for 211 East 46th Street, LLC
> 137 Fifth Avenue, 9th Floor
> New York, New York 10017
> **(212) 509-1802**
>
> **By:   /S/ Joel M. Shafferman**
>       Joel M. Shafferman (JS-1055)

# TABLE OF CASES, STATUTES AND AUTHORITIES

**Cases**

Acorn Investments, 8 B.R. at 509-510 ...................................................................................... 6
B.N. Realty Associates v. Lichtenstein, 238 B.R. 249, 258-59 (S.D.N.Y. 1999) ................... 4, 7
Bell v. Alden Owners, Inc., 199 B.R. 451, 458 (S.D.N.Y. 1996) .............................................. 4
Bell, 199 B.R at 458 ................................................................................................................ 5, 6
Bucknell Leasing Corp. v. Darwin (In re Darwin), 22 B.R. 259, 262 (Bankr.E.D.N.Y.1982) ....... 6
Darwin, 22 B.R 259, 263 (Bankr. E.D.N.Y. 1982) ..................................................................... 5
In re Acorn Investments, 8 B.R 506 (Bankr. S.D. Cal. 1981) ..................................................... 5
In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992) ............................................................ 8
In re Association of Graphics Communications, Inc., 2011 WL 1226372 *3 (S.D.N.Y. March 31, 2011) ........................................................................................................................................ 6
In re Burger Boys, Inc., 183 B.R. 682 (S.D.N.Y. 1994) .............................................................. 4
In re Curtis, 40 B.R. 795, 799-800(Bankr. D. Utah 1984) .......................................................... 7
In re Diplomat Electronics Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988) .................................... 4
In re GSVC Restaurant Coro., 10 B.R 300 (S.D.N.Y. 1980) ..................................................... 5
In re GSVC Restaurant Corp., 3 B.R 491 (Bankr. S.D.N.Y. 1980) ............................................ 5
In re Hudson Transfer Group, Inc. 245 B.R. 456, 459 (Bankr.S.D.N.Y.2000) ........................... 5
In re Island Helicopters, Inc., 211 B.R. 453, 463 (Bankr.E.D.N.Y.1997) ................................... 6
In re P.J. Clarke's Rest. Corp., 265 B.R. 392, 397 (Bankr. S.D.N.Y. 2001) ............................. 11
In re R R.S. Inc., 7 B.R. 870 (Bankr. M.D. Fla. 1980) ................................................................ 5
In re RCM Global Long Term Capital Appreciation Fund, Ltd., 200 B.R. 514, 520 (S.D.N.Y. 1996) ....................................................................................................................................... 4, 7
In re Ripples of Clearview, Inc., 26 B.R. 453, 456-57 (Bankr. E.D.N.Y. 1983) ........................ 5
In re Seven Stars Restaurant. Inc., 122 B.R 213, 218 (Bankr. S.D.N.Y. 1990) ......................... 5
In re Sonnax Industries, Inc.,   907 F. 2d 1280, 1285-1286 (2d Cir. 1990) ................................. 7
In re Sweet N Sour 7th Ave. Corp., 431 B.R. at 67 .................................................................... 6
In re Touloumis, 17 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ....................................................... 8
In re Westchester Tank Fabricators. Ltd., 207 B.R 391, 402 (Bankr. E.D.N.Y. 1997) ............... 5
In re: Sweet N Sour 7th Ave. Corp., 431 B.R. 63 (Bankr. S.D.N.Y. 2010) .............................. 3
In re: Sweet N Sour 7th Ave. Corp., 431 B.R. 63, 67 (Bankr. S.D.N.Y. 2010) ........................ 4
In Sonnax Indus. Inc., 907 F.2d 1280 (2d Cir. 1990) .................................................................. 7

Laguna Associates Limited Parntership v. Aetna Casualty & Surety Company, (In re Laguna Assoc. Ltd. Partnership), 30 F.3d 734, 737 (6th Cir. 1994) ...................................................... 7
Pereira v. Rich-Taubman Associates, (In Re: KP Fashion Co.), 2011 WL 3806116 (S.D.N.Y August 29, 2011) ............................................................................................................ 11
Pickering v. M & T Mortg. Corp., 2006 U.S. Dist. LEXIS 58583 (S.D.N.Y. August 18, 2006) ... 7
re Sonnax Industries, Inc.,  907 F. 2d 1280, 1285-1286 (2d Cir. 1990) ........................................ 4
Rocar Realty Northeast v. Jefferson Valley Mall, 833 N.Y.S.2d 522, 525 (2d Dep't 2007) ........... 5
Rocar Realty Northeast v. Jefferson Valle Mall, 833 N.Y.S.2d 522, 525 (2d Dep't 2007) ............. 2
Seven Stars Restaurant. Inc., 122 B.R at 218 ............................................................................... 5
Seven Stars Restaurant. Inc., 122 B.R. at 218 .............................................................................. 6
Sonnax Indus., 907 F.2d at 1286 .................................................................................................. 8
Super Nova 330 LLC v. Gazes, 693 F.3d 138 (2d Cir. 2012) ....................................................... 5

**Statutes**
11 U.S.C. § 362(d) ........................................................................................................................ 3
362(d)(1) ....................................................................................................................................... 4
Bankruptcy Code  section 362(d)(1) ............................................................................................. 6
Bankruptcy Code section 541 ....................................................................................................... 6
N.Y. R.P.A.P.L.§749(3) ................................................................................................................ 5
section 362(a) of title 11 of the United States Code ..................................................................... 1
section 362(d)(1) .......................................................................................................................... 4
section 362(d)(1) of the Bankruptcy Code ................................................................................... 1
section 365(d)(3) of the Bankruptcy Code ................................................................................. 11
section 503(b)(1) of the Bankruptcy Code ................................................................................. 11

**Other Authorities**
. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836 ................. 3

**Treatises**
*2 Collier on Bankruptcy ¶362.07(3) at 365-65* ........................................................................... 4