**Hearing Date and Time**
**June 29, 2015 @ 10:00 am**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:                                        Chapter 11

**SOLERA CORPORATION,**                       Case No.  15-22790 (RDD)
                    **Debtor.**

---------------------------------------------------------X

### CERTIFICATION OF VINOD CHAND IN SUPPORT OF THE APPLICATION OF 211 EAST 46TH STREET, LLC SEEKING AN ORDER MODIFYING THE AUTOMATIC STAY PROVISIONS OF SECTION 362(A) OF THE BANKRUPTCY CODE, OR COMPELLING IMMEDIATE PAYMENT OF POST PETITION RENT, AND GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER

Vinod Chand certifies that:

1. I am a Member of 211 East 46th Street, LLC ("211 East") and am fully familiar with the facts and circumstances surrounding this matter based upon my first hand knowledge and the records maintained in my office.  I submit this certification in support of 211's motion for modification of the automatic stay in the above-captioned Chapter 11 case.

2. 211 East owns the real property known as and located at 216 East 53rd Street, New York, New York 10022 (the "Property").

A. **The Lease**

3. The Debtor is in possession of the Property pursuant to a commercial lease agreement, a copy of which is attached hereto as **Exhibit "A"**, which was amended by Amendment to Lease, dated June 10, 2014, a copy of which is attached

hereto as **Exhibit "B"** (the "Lease"). [1] The term of the Lease is for ten (10) years, with a five (5) year option to renew. The Lease provides that for year one, the Debtor must pay fixed annual rent, in the amount of $294,000, payable in monthly installments of $24,500 per month.

**B.      The Debtor's Default under Lease and
         211 East's Commencement of Civil Court Action**

4.      Several months after executing the Lease, the Debtor defaulted in remitting to 211 East the sum of $49,300, representing rent for September and October, 2014, each in the amount of $24,500, and a late fee for September, 2014, in the amount of $300.00.

5.      As a result of these defaults, on or around October 20, 2014, 211 East filed a petition commencing a non-payment commercial proceeding against the Debtor in the Civil Court of the City of New York, entitled <u>211 East 46th Street LLC v. Solera Corp.</u>, (Index No. L&T 082247/2014 (the "Civil Court Action"). (Attached hereto as **Exhibit "D"** is a copy of the petition filed by 211 East in the Civil Court Action.).

6.      The Debtor failed to appear in response to the petition filed in the Civil Court Action and did not pay the rent sought in the petition.

**C.      The Debtor and 211 East's Stipulation and
         Issuance of a Warrant of Eviction**

7.      In early November, 2014, the Debtor engaged counsel in connection with the Civil Court Action. Shortly thereafter, 211 East and the Debtor agreed to a payment plan for the Debtor to satisfy the arrears, pursuant to a stipulation and judgment (the "Stipulation").

---

[1] 211 East and the Debtor also entered into an Agreement supplementing the terms of the Lease, dated June 10, 2014, a copy of which is attached hereto as **Exhibit "C"**

8.     On December 23, 2014, landlord/tenant counsel for 211 East transmitted a final version of the Stipulation to counsel for the Debtor.  The Stipulation, a copy of which is attached hereto as **Exhibit "E",** was fully executed on or around December 31, 2014, and transmitted to the Debtor and 211 East on January 5, 2015.  The Stipulation provides, in relevant part, that:

> -Debtor acknowledges that it owed 211 East the sum of $108, 000 in rent and additional rent through December 31, 2014;

> -Debtor consents to the immediate entry of a money judgment in the sum of $108,000.00, and judgment of possession, warrant of eviction to issue forthwith, execution stayed to January 1, 2015 provided that Debtor paid $24,500 on or before December 31, 2014 and $73,500 on or before January 15,2015. If the payment $24,500 is not made on or before December 31, 2014 the stay on execution of the warrant would be vacated;

> -These payments are in addition to rent/use and occupancy or January 2015 in the amount of $24,500 and real estate taxes, prorated for January, 2015, in the amount of $9.643.14.  Payments received shall first be applied to current rent charges.

> -In the event payment of the judgment is not made timely, the Debtor waives the right to cure the default and agrees to sell the business operated by it at the premises and its assets, free and clear of liens and encumbrances, to a corporation controlled by the principals of 211 East for the price of $250,000.00.

**D.     The Debtor Failure to Comply with
Stipulation, 211 East's Service of a
Notice of Eviction, and the Debtor's
Order to Show Cause Staying Execution
of the Warrant of Eviction**

9.     On or about January 16, 2015 the Clerk of the Civil Court refused to file the Stipulation because of the issuance of the warrant of eviction on January 15, 2015.  The warrant was issue on January 15, 2015 since the Debtor only made the initial agreed upon payment of $24,500, but failed to remit the second stipulated payment of

$73,500.

        10.      Thereafter, in an abundance of caution, 211 East moved, by order to show cause, for an order permitting 211 East to proceed on the warrant of eviction issued by the Civil Court since the rent for January and February, 2015 had not been paid nor had the $73,000 stipulated judgment been satisfied.  This motion was granted on default, and the Civil Court entered an order on February 24, 2015, a copy of which is attached hereto as **Exhibit "F"**, permitting 211 to "execute on the warrant of eviction forthwith."

        11.      On May 19, 2015, the Debtor was served with a Notice of Eviction, and on or around May 19, 2015 (see **Exhibit "G"**), it filed an emergency motion in the Civil Court Action seeking a stay of execution of the warrant of eviction. In an affidavit in support of the Debtor's emergency motion, Ruffino Lopez, the President of the Debtor, claimed that the execution of the warrant of eviction was necessary because he had procured a purchaser for the restaurant business which would pay all of the arrears, but he needed time since the closing was not going occur until June 1, 2015.

        12.      On May 22, 2015, the court in the Civil Court Action signed the Order to Show Cause, a copy of which is attached hereto as **Exhibit "H"**, staying the execution of the warrant of eviction, pending a hearing in connection with this emergency motion which was scheduled for June 5, 2015.

**E.**      **The Debtor's Commencement of Chapter 11 Case**

        13.      The closing of the sale of the restaurant business did not occur on June 1, 2015 or any time thereafter. Rather than attending the hearing in the Civil Court

on June 5, 2015 in connection with its own motion, on June 4, 2015 (the "Bankruptcy Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

14.    As of the Bankruptcy Filing Date, the Debtor currently owes 211 East $237,802.68, comprised of the sum of $108,000 owed under the Stipulation and $129,802.67 in rent/use and occupancy charges and additional rent which arose after execution of the Stipulation. (Attached hereto as **Exhibit "I"** is a Statement of the amount due and owing as of May 31, 2015, which amount does not include attorneys' fees and costs, as well as the prorated June, 2015 rent/use and occupancy charges.)

Dated: New Hyde Park, New York
　　　June 11, 2015

/S/ Vinod Chand_____
Vinod Chand, As Member
of 211 East 46th Street, LLC
